UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
GLORIA RICHEY and PAUL RICHEY,      :              CASE NO. 1:13-CV-01452
                                                    :
            Plaintiffs,                             :
                                                    :
    v.                                              :              OPINION & ORDER
                                                    :              [Resolving Doc. Nos. 16, 22]
CITIMORTGAGE, INC., and REIMER,     :
ARNOVITZ, CHERNEK & JEFFREY         :
CO., LPA,                                           :
                                                    :
            Defendants.                             :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        This Fair Debt Collection Practices Act[1/] ("FDCPA") case comes from conduct in a state

court foreclosure suit.  Plaintiffs Gloria and Paul Richey say that Defendant CitiMortgage, Inc.,

("CitiMortgage") and its counsel, Defendant Reimer, Arnovitz, Chernek & Jeffrey Co., LPA,

("Reimer"), brought a foreclosure suit against Plaintiffs based on a mortgage and note that both

Defendants knew were fraudulent.[2/]  Both Defendants moved to dismiss the claims against them.[3/]

For the reasons that follow, the Court **GRANTS** Defendant CitiMortgage's motion to dismiss and

**GRANTS IN PART** and **DENIES IN PART** Defendant Reimer's motion to dismiss.  The Court

also **DISMISSES WITHOUT PREJUDICE** Defendant CitiMortgage's counterclaim for want of

jurisdiction.

---

[1/] 15 U.S.C. §§ 1692-1692p.
[2/] *See* Doc. 1.
[3/] *See* Docs. 16, 22.

Case No. 1:13-CV-01452
Gwin, J.

## I. Factual and Procedural Background

Plaintiffs say that a company Defendant CitiMortgage later merged with and a non-party title agency prepared false loan documents, including a promissory note and mortgage, and forged Plaintiffs' signatures on them.[4/]  CitiMortgage hired Defendant Reimer to file a state court foreclosure action based upon this fraudulent note and mortgage.[5/]  On September 17, 2012, Reimer filed the Richland County Common Pleas Court lawsuit to carry out the foreclosure.[6/]  Plaintiffs say both Defendants knew that the mortgage and note were fraudulent but filed the lawsuit anyway.[7/]  After the foreclosure complaint was filed, Plaintiffs say they investigated public records and discovered the fraudulent note and mortgage.[8/]

In the Richland County Common Pleas Court,[9/] Plaintiffs[10/] filed an answer and a counterclaim as well as a third-party complaint against Reimer.[11/]  On January 16, 2013, Reimer moved to dismiss the third-party complaint on the grounds that it failed to allege sufficient facts to support a claim against Reimer.[12/]  After Plaintiffs did not respond to the motion, on January 29,

---

[4/]Doc. 1 at ¶¶ 9-10.

[5/]*Id.* at ¶ 11.

[6/]*Id.*

[7/]*Id.* at ¶ 14.

[8/]*Id.* at ¶ 15.

[9/]Docket available at http://richlandcourtsoh.us/pa/pa.urd/pamw2000.docket_lst?99898695.  This Court may take judicial notice of the state court docket because it is a public record and Plaintiffs refer to the suit in their complaint. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454-55 (N.D. Ohio 2012) (overruling objections to a Report and Recommendation that a motion to dismiss be granted) ("[I]n order for the Court to take judicial notice of a public document, Plaintiff must either refer to or attach the public record to the Complaint.").

[10/]Although the Richland County docket refers to a Gloria Walker, Gloria Walker is Plaintiff Gloria Richey. Doc. 1 at ¶ 4.  Plaintiff Paul Richey was also a defendant in the state court proceedings.

[11/]*CitiMortgage, Inc. v. Walker*, No. 2012 CV 1111, docket available at http://richlandcourtsoh.us/pa/pa.urd/pamw2000.docket_lst?99898695.

[12/]Motion to Dismiss Third Party Complaint, *CitiMortgage, Inc. v. Walker*, No. 2012 CV 1111 (Jan. 16, 2013).

Case No. 1:13-CV-01452
Gwin, J.

2013, the state court dismissed Plaintiffs' third-party claim against Reimer with a one-page order.[13]

On February 7, 2013, Plaintiffs filed a motion to vacate the order dismissing the third-party claim against Reimer; Plaintiffs said that they had not been served with the motion.[14]  Before the state court could rule on the motion to vacate, Defendant CitiMortgage and Plaintiffs agreed to dismiss both CitiMortgage's complaint and Plaintiffs' counterclaim without prejudice.[15]  The state court closed the case without ruling on the motion to vacate.[16]

On July 2, 2013, Plaintiffs filed this lawsuit against Defendants.[17]  Plaintiffs say that Defendants violated the FDCPA and the Ohio Consumer Sales Practices Act[18] ("OCSPA") by foreclosing on a note and mortgage that Defendants knew was fraudulent.[19]  Plaintiffs also bring civil conspiracy and fraud claims against Defendants.[20]

On August 26, 2013, Defendant CitiMortgage moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6).[21]  CitiMortgage says the FDCPA claim fails because CitiMortgage owned the note and is not a debt collector.[22]  CitiMortgage says that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.[23]  If considered, CitiMortgage argues it should receive judgment on the state law claims against it.  CitiMortgage

---

[13]Order Granting Motion to Dismiss Third Party Complaint, *CitiMortgage, Inc. v. Walker*, No. 2012 CV 1111 (Jan. 29, 2013).

[14]Motion to Vacate Order Granting Motion to Dismiss Third Party Complaint and for Extension of Time to Respond to Motion to Dismiss Third Party Complaint, *CitiMortgage, Inc. v. Walker*, No. 2012 CV 1111 (Feb. 7, 2013).

[15]Doc. 54.

[16]*CitiMortgage, Inc. v. Walker*, No. 2012 CV 1111, docket available at http://richlandcourtsoh.us/pa/pa.urd/pamw2000.docket_lst?99898695.

[17]Doc. 1.

[18]Ohio Rev. Code §§ 1345.01-99.

[19]*Id.* at ¶¶ 18-37.

[20]*Id.* at ¶¶ 38-50.

[21]Doc. 16.

[22]*Id.* at 4-6

[23]*Id.* at 6.

Case No. 1:13-CV-01452
Gwin, J.

says the OCSPA claim fails because Plaintiffs identified no misleading disclosures and the OCSPA excludes mortgage transactions.[24/]  It says that the fraud claim fails because the statute of limitations has run and Plaintiffs did not rely on any misrepresentations.[25/]  And it says that the civil conspiracy claim fails because there is no underlying wrongful conduct.[26/]  CitiMortgage also filed an answer and counterclaim for foreclosure against Plaintiffs.[27/]

For their response, Plaintiffs say that Defendant CitiMortgage is a debt collector under the FDCPA because the debt it was attempting to collect was not valid.[28/]  Plaintiffs urge the Court to maintain supplemental jurisdiction over the remaining state law claims even if the Court dismisses the FDCPA claim.[29/]  They say that the act of filing a deceptive lawsuit, including a foreclosure action, violates the OCSPA.[30/]  They say that CitiMortgage's fraud occurred within the statutory period and that they relied on the misrepresentations in defending the foreclosure action.[31/]  And finally, Plaintiffs say that there are wrongful actions to support a claim for civil conspiracy.[32/]

On August 27, 2013, Defendant Reimer filed a motion to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6).[33/]  Reimer says that the claims against it are barred by the doctrine of res judicata, because the Ohio state court has already dismissed Plaintiffs' third party complaint based on the same conduct.[34/]  Reimer also says that the FDCPA claim against it fails

---

[24/]*Id.* at 6-8.

[25/]*Id.* at 8-9.

[26/]*Id.* at 9-10.

[27/]Doc. 17.  On October 22, 2013, CitiMortgage filed an amended answer and counterclaim.  Doc. 51.

[28/]Doc. 46 at 3-7.

[29/]*Id.* at 7.

[30/]*Id.* at 8-12.

[31/]*Id.* at 12-13.

[32/]*Id.* at 13.

[33/]Doc. 22.

[34/]*Id.* at 5-7.

Case No. 1:13-CV-01452
Gwin, J.

because Plaintiffs did not say which defendant violated which provision of the FDCPA and because
filing a foreclosure action does not violate the FDCPA as long as the state law standing requirements
are met.[35/] Reimer says that mortgage foreclosure actions are not included in the prohibitions of the
OCSPA.[36/] It also says that the allegations of fraud are insufficient and do not identify fraudulent
statements by Reimer to induce Plaintiffs' reliance.[37/]  And finally Reimer says that the civil
conspiracy claim fails because there are no underlying wrongful acts.[38/]

For their response, Plaintiffs say that res judicata does not apply because the order granting
Reimer's motion to dismiss was not a final judgment and the stipulated dismissal dissolved the state
court's dismissal of the third-party complaint and because Reimer never served Plaintiffs with the
motion to dismiss.[39/]  Plaintiffs say that law firms can violate the FDCPA by filing a foreclosure
complaint when the law firm knows that the client lacks standing to foreclose.[40/]  They also say that
violations of the FDCPA are per se violations of the OCSPA.[41/]  Plaintiffs say that they relied on the
fraudulent foreclosure filing to defend against the lawsuit.[42/]  And finally, they say that there are
underlying wrongs to support a civil conspiracy claim.[43/]

These motions are now ripe for decision.[44/]

## II. Legal Standard

---

[35/]*Id.* at 8-12.
[36/]*Id.* at 13-15
[37/]*Id.* at 15-17.
[38/]*Id.* at 17-18.
[39/]Doc. 45 at 2-5.
[40/]*Id.* at 5-9.
[41/]*Id.* at 9-14.
[42/]*Id.* at 14.
[43/]*Id.* at 15.
[44/]On October 24, 2013, Defendant CitiMortgage filed a reply in support of its motion.  Doc. 52.  On October 28, 2013, Defendant Reimer filed a reply in support of its motion.  Doc. 53.

Case No. 1:13-CV-01452
Gwin, J.

**A.      Motion to Dismiss**

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[45] The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[46]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[47] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[48] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true.[49]

**B.      The Fair Debt Collection Practices Act (FDCPA)**

Congress enacted the FDCPA in order to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."[50] The statute is broad, and was intended to remedy "what it considered to be a widespread problem."[51] "When interpreting the FDCPA, [courts must] begin with the language of the statute itself . . . ."[52]

Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of

---

[45] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

[46] *Id.*

[47] Fed. R. Civ. P. 8(a)(2).

[48] *Iqbal*, 556 U.S. at 678–79 (citations omitted).

[49] *Id.*

[50] 15 U.S.C. § 1692(a).

[51] *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992).

[52] *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999).

Case No. 1:13-CV-01452
Gwin, J.

interstate commerce or the mails in any business the principal purpose of which is the collection of

any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due

or assessed to be owed or due *to another*."[53/]  A "creditor" is "any person who offers or extends

credit creating a debt and to whom a debt is owed."[54/]  "[A] creditor is not a debt collector for

purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their

accounts."[55/]

Section 1692e of the FDCPA generally prohibits a debt collector from using false, deceptive

or misleading representation or means in connection with the collection of a debt.[56/]  Section 1692f

prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect

any debt."[57/]  A false statement that is not deceptive under the objective "least sophisticated

consumer" test is not a violation of the FDCPA.[58/]

Simple inability to prove present debt ownership at the time a collection action is filed is not

a FDCPA violation.[59/]  Sixth Circuit courts have generally found entities cannot say that they owned

debts, "all the while knowing that they did not have means of proving the debt," and that such a

FDCPA complaint will survive a motion to dismiss for failure to state a claim.[60/]

---

[53/] 15 U.S.C. § 1692a(6) (emphasis added).

[54/] *Id.* § 1692a(4).

[55/] *Montgomery v. Huntington Bank*, 346 F.3d 693 699 (6th Cir. 2003) (quoting *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003)).

[56/] 15 U.S.C. § 1692e.

[57/] *Id.* § 1692f.

[58/] *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400-02 (6th Cir. 1998).

[59/] *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331-33 (6th Cir. 2006).

[60/] *E.g., Delawder v. Platinum Fin. Servs.*, 443 F. Supp. 2d 942, 947-49 (S.D. Ohio 2005) (holding that falsely representing the nature of a debt in a civil action to collect on the debt violates the FDCPA); *see also Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 929-30 (N.D. Ohio 2009) (holding that filing of foreclosure action while knowing that one lacks ability to prove ownership of debt is actionable under the FDCPA); *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1021-23 (S.D. Ohio 2007) (holding that knowledge that information in (continued...)

Case No. 1:13-CV-01452
Gwin, J.

## C.      The Ohio Consumer Sales Practices Act (OCSPA)

The OCSPA provides that "no supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction."[61]/  Conduct that violates the FDCPA also violates the OCSPA.[62]/  The term "supplier" in the OCSPA is broader than the FDCPA's term "debt collector."[63]/  However, "the [OCSPA] does not apply to 'collateral services that are solely associated with the sale of real estate and are necessary to effectuate a 'pure' real estate transaction.'"[64]/

"Although transactions between financial institutions and their customers are not covered by the OCSPA," the OCSPA does apply "to debt collectors where the debt collector is not otherwise regulated as a bank."[65]/  "[C]ourts have interpreted the OCSPA to apply to the collection of debts by attorneys that qualify as suppliers."[66]/  For an attorney to be a "supplier," the plaintiff must show that the attorney was "'engaged in the business of effecting or soliciting consumer transactions' under the OCSPA" by showing "'more than one isolated occurrence, especially when the occurrence

---

[60]/(...continued)
affidavit is false as to specifics of debt violates FDCPA).

[61]/Ohio Rev. Code § 1345.02.

[62]/See Hagy v. Demers & Adams, LLC, No. 2:11-cv-530, 2013 WL 434053, at *10 (S.D. Ohio Feb. 5, 2013); Becker v. Montgomery, Lynch, No. 1:02CV874, 2003 WL 23335929, at *2 (N.D. Ohio Feb. 26, 2003).

[63]/Rini v. Javitch, Block & Rathbone, LLC, No. 1:13CV178, 2013 WL 2476367, at *4 (N.D. Ohio June 7, 2013); see also Anderson v. Barclay's Capital Real Estate, Inc., 989 N.E.2d 997, 1000 (Ohio 2013) ("[W]e must liberally construe the statute in favor of the consumer.").

[64]/Anderson, 989 N.E.2d at 1000 (quoting U.S. Bank v. Amir, No. 97438, 2012 WL 2355620, at *8 (Ohio Ct. App. June 21, 2012)); see also Ohio Rev. Code § 1345.01(A), (C).

[65]/Rini, 2013 WL 2476367 at *4 (citing cases).  The Court recognizes that one judge in this district and a judge in the Southern District of Ohio have found there to be an exemption for an attorney if the attorney represents an exempted bank.  See DeJohn v. Lerner, Sampson & Rothfuss, No. 1:12CV1705, 2012 WL 5996431, at *3 (N.D. Ohio Nov. 30, 2012) (quoting Gionis v. Javitch, Block & Rathbone, 405 F. Supp. 2d 856, 869 (S.D. Ohio 2005)).  However, the Court agrees with the Rini decision that the better and majority rule as that an attorney can be liable even if the bank is not.

[66]/Delawder, 443 F. Supp. 2d at 952 (citing Celebrezze v. United Research, Inc., 482 N.E.2d 1260, 1262 (Ohio Ct. App. 1984)).

-8-

Case No. 1:13-CV-01452
Gwin, J.

is not within the usual course of business.'"[67]

**D.    Fraud**

In Ohio, to bring a fraud claim, a plaintiff must allege (1) a representation or fact or a concealment where there is a duty to disclose (2) that is material to the transaction (3) and made with knowledge of its falsity or made recklessly (4) with the intent to mislead another in relying on it; (5) justifiable reliance; and (6) an injury proximately caused by the reliance.[68]

**E.    Civil Conspiracy**

In Ohio, to bring a civil conspiracy claim, a plaintiff must allege (1) a malicious combination (2) of two or more persons (3) causing injury to person or property and (4) the existence of an unlawful act which is independent from the conspiracy itself.[69]  "An underlying unlawful act is required before a civil conspiracy claim can succeed."[70]


**III. CitiMortgage's Motion to Dismiss**

**A.    FDCPA Claim**

Defendant CitiMortgage says that Plaintiffs' FDCPA cause of action fails to state a claim upon which relief can be granted because CitiMortgage is not a debt collector.[71]  Plaintiffs, for their response, say that CitiMortgage is a debt collector because they have alleged that "the debt was not

---

[67]*Schroyer*, 197 F.3d at 1177 (quoting *Renner v. Derin Acquisition Corp.*, 676 N.E.2d 151, 159 (Ohio Ct. App. 1996)).

[68]*Moses v. Sterling Commerce Am., Inc.*, No. 02AP-161, 2002 WL 1938575, at *3 (Ohio Ct. App. Aug. 15, 2002) (citing *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998)).

[69]*Lee v. Countrywide Home Loans, Inc.*, 692 F.3d 442, 446 (6th Cir. 2012) (quoting *Universal Coach, Inc. v. New York City Transit Auth.*, 629 N.E.2d 28, 33 (Ohio Ct. App. 1993)).

[70]*Williams*, 700 N.E.2d at 868 (citing *Gosden v. Louis*, 687 N.E.2d 481, 496 (Ohio Ct. App. 1996)).

[71]Doc. 16 at 4-6.

-9-

Case No. 1:13-CV-01452
Gwin, J.

valid . . . because the signatures on the note and mortgage were forged."[72]

Whether CitiMortgage was acting as a creditor or a debt collector depends on whether CitiMortgage was attempting to collect "debts owed or due or assessed to be owed or due *to another*"[73] or was the entity "who offers or extends credit creating a debt and to whom a debt is owed."[74]

In their complaint, Plaintiffs allege that the note and mortgage are fraudulent, not that CitiMortgage was attempting to collect on the debt owed to another person. The loan documents themselves[75] show that the note and mortgage resulted from loans given by CitiMortgage's predecessor in interest.[76] Because CitiMortgage attempted to collect on a debt that was owed to it and *not owed to anyone else*, even if the debt was fraudulent, it is a creditor and not subject to liability under the FDCPA.[77]

In response to CitiMortgage's motion, Plaintiffs for the first time say that CitiMortgage was not the holder of the note because the note was endorsed in blank.[78] This new argument is not fairly encompassed by the allegations in the complaint. The complaint alleges that CitiMortgage's

---

[72]/Doc. 46 at 3.

[73]/15 U.S.C. § 1692a(6) (emphasis added) (definition of debt collector).

[74]/*Id.* § 1692a(4) (definition of creditor).

[75]/Again, this Court may take judicial notice of these documents because they are referred to in complaint and because they are public records as exhibits to a state court action. *See Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 454-55 (N.D. Ohio 2012) (overruling objections to a Report and Recommendation that a motion to dismiss be granted) ("[I]n order for the Court to take judicial notice of a public document, Plaintiff must either refer to or attach the public record to the Complaint.").

[76]/*See* Docs. 17-1, 17-2; *see also* Doc. 1 at ¶ 6 ("Defendant CitiMortgage, Inc., . . . is the successor by merger to ABN AMRO Mortgage Group, Inc.").

[77]/*Cf. Transamerica Fin. Servs., Inc. v. Sykes*, 171 F.3d 553,  (7th Cir. 1999) ("While attempting to enforce a fraudulent agreement may violated other laws, 15 U.S.C. § 1692f does not reach this action.").

[78]/Doc. 46 at 5 ("It would be unnecessary for the note to contain an indorsement in blank if Defendant Citi obtained the note through merger. The blank indorsement is likely evidence of a sale of the not to some other entity, upon information and belief that entity is Freddie Mac.").

Case No. 1:13-CV-01452
Gwin, J.

predecessor in interest and a title company conspired to create false loan documents and then CitiMortgage and Reimer conspired to file a state foreclosure action.[79] Plaintiffs have not moved for leave to amend their complaint to assert this new theory of FDCPA liability. Therefore, the Court will not consider this assertion at this time, although if true CitiMortgage would become a debt collector because it was collecting on the debt owed to another, Freddie Mac.

The Court, therefore, **DISMISSES WITHOUT PREJUDICE** Plaintiffs' FDCPA claim against CitiMortgage. If Plaintiffs can submit more support for their argument that CitiMortgage did not own the note or mortgage when CitiMortgage filed the foreclosure action, Plaintiffs can move to amend their complaint to specifically assert that CitiMortgage was acting as a debt collector, not as a creditor.

**B.      The Remaining State Law Issues**

Plaintiffs' remaining claims against CitiMortgage and CitiMortgage's counterclaim of foreclosure rely on this Court's supplemental jurisdiction.[80] Because the Court has dismissed the sole "claim[] over which [the Court has] original jurisdiction" against CitiMortgage,[81] the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and CitiMortgage's counterclaim. The Court, therefore, **DISMISSES WITHOUT PREJUDICE** the remaining claims against CitiMortgage and CitiMortgage's foreclosure counterclaim.

**IV. Reimer's Motion to Dismiss**

**A.      Res Judicata**

Defendant Reimer says that because the state court previously dismissed Plaintiffs' state law

---

[79] Doc. 1 at ¶¶ 9-14, 24.

[80] *See id.* at ¶ 2, Doc. 51 at ¶ 2 of Amended Counterclaim.

[81] 28 U.S.C. § 1367(c)(3).

-11-

Case No. 1:13-CV-01452
Gwin, J.

claims, res judicata bars Plaintiffs from refiling them in federal court.[82/]  The Court disagrees.

First, Ohio follows the Second Restatement of Judgments on res judicata.[83/]  The Restatement requires "[a]dequate notice" to the losing party for a judgment to be valid.[84/]  Notice is adequate only if it "is transmitted in a manner that actually notifies the person being addressed or someone who can adequately represent him" and the notice "sufficiently compl[ies] with the procedure prescribed for giving notice."[85/]  Even if no notice is given, an action may proceed without notice when "[t]he person is afforded an adequate subsequent opportunity to protect his interest."[86/]

In this case, after the state court granted Reimer's motion, Plaintiffs filed a motion to vacate the order because Reimer never served Plaintiffs with the motion.[87/]  The state court did not consider this motion; instead, it closed the case entirely after CitiMortgage and Plaintiffs filed their stipulation of dismissal without ever addressing the motion.[88/]  Closing the case in this manner prevents the Court from knowing whether Plaintiffs did have notice of the motion and also prevented Plaintiffs from having an adequate subsequent opportunity to protect their interests.  Accordingly, the state court order is not a valid final judgment that warrants applying res judicata.

Second, normally when parties file a stipulation of dismissal, all interim orders are

---

[82/]Doc. 22 at 5-7.

[83/]*Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995).

[84/]Restatement (Second) of Judgments § 1(2).

[85/]*Id.* § 2(1)(b)-(c).

[86/]*Id.* § 2(4)(c).

[87/]Motion to Vacate Order Granting Motion to Dismiss Third Party Complaint and for Extension of Time to Respond to Motion to Dismiss Third Party Complaint, *CitiMortgage, Inc. v. Walker*, No. 2012 CV 1111 (Feb. 7, 2013).

[88/]*CitiMortgage, Inc. v. Walker*, No. 2012 CV 1111, docket available at http://richlandcourtsoh.us/pa/pa.urd/pamw2000.docket_lst?99898695.

-12-

Case No. 1:13-CV-01452
Gwin, J.

dissolved.[89]  Against this rule, Defendant Reimer says that because Plaintiffs only voluntarily dismissed their counterclaim against CitiMortgage, not the third-party complaint against Reimer,[90] the state court's earlier dismissal of the claim against Reimer became a final order capable of being appealed and was not dissolved.[91]

However, the state court treated the stipulation of dismissal as applying to all defendants: recall that the state court ignored the motion to vacate the order dismissing the third-party complaint and closed the entire case, which it could not do if the action against Reimer had not been voluntarily dismissed.[92]  Because the state court treated the dismissal as abandoning all claims brought by all parties, the Court finds that the order dismissing the third-party complaint was dissolved, and no final judgment exists to trigger res judicata.  The Court considers Plaintiffs' claims on their merits.

## B.     FDCPA Claim

If a law firm forecloses on a mortgage knowing that the party lacks standing or the case is otherwise improper, the law firm can be liable under the FDCPA because it is acting as a debt

---

[89]/*Marc Glassman, Inc. v. Fagan*, No. 87164, 2006 WL 3028419, at *2 (Ohio Ct. App. Oct. 26, 2006) ("[W]hen an entire action is voluntarily dismissed without prejudice, any interlocutory orders made by the trial court are dissolved and are not appealable.").

[90]/*See* Doc. 54.

[91]/Doc. 53 at 4-6 (citing and quoting *Denham v. New Carlisle*, 716 N.E.2d 184 (Ohio 1999) ("Because we hold that a voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had ever been filed against only the dismissed parties, the [interlocutory order granting summary judgment to a party on all claims against it] meets the requirements of Civ.R. 54(B).  Therefore, the trial court's summary judgment decision is a final appealable order.")).

[92]/*CitiMortgage, Inc. v. Walker*, No. 2012 CV 1111, docket available at http://richlandcourtsoh.us/pa/pa.urd/pamw2000.docket_lst?99898695.

-13-

Case No. 1:13-CV-01452
Gwin, J.

collector, attempting to collect on a debt owed to another.[93] Plaintiffs have alleged that Reimer filed a foreclosure lawsuit knowing that the mortgage and note were forged.[94] Reimer says that "Plaintiffs' allegation that the note contained forged signatures does not invalidate the ability to enforce the note under the Ohio Revised Code."[95] Frankly, this unsupported assertion is plainly false. A promissory note that has been forged is void.[96] If the promissory note is void, no debt exists on which Plaintiffs could have defaulted. And if Plaintiffs did not default on any debt, no person could foreclose on Plaintiffs' house. By knowingly foreclosing on Plaintiffs' property even though Reimer knew the note and mortgage were void, Reimer would knowingly bring a foreclosure suit without standing. This violates the FDCPA, and Plaintiffs have stated a claim upon which relief can be granted.

**C.    OCSPA Claim**

Because Plaintiffs have stated a FDCPA claim against Reimer, they have also stated an OCSPA claim.[97]

**D.    Fraud Claim**

Reimer says that Plaintiffs' fraud claim fails because they have not alleged that Plaintiffs

---

[93]/*See, e.g.*, *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 929-30 (N.D. Ohio 2009) (holding that filing of foreclosure action while knowing that one lacks ability to prove ownership of debt is actionable under the FDCPA); *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1021-23 (S.D. Ohio 2007) (holding that knowledge that information in affidavit is false as to specifics of debt violates FDCPA); *Delawder v. Platinum Fin. Servs.*, 443 F. Supp. 2d 942, 947-49 (S.D. Ohio 2005) (holding that falsely representing the nature of a debt in a civil action to collect on the debt violates the FDCPA).

[94]/Doc. 1 at ¶¶ 11, 14. The fact that Reimer says the documents attached to the foreclosure complaint were "facially valid," Doc. 22 at 12, is irrelevant; the Court takes as true the well-pleaded allegations in the complaint. The complaint says that the documents were forged.

[95]/Doc. 53 at 7.

[96]/*See Shinew v. First Nat'l Bank*, 95 N.E. 881, 882 (Ohio 1911) (a forged instrument is "absolutely void at the time of its execution"); *Workman v. Wright*, 33 Ohio St. 405, 409 (1878) ("where that act was void, as in the case of a forgery . . .").

[97]/*See Hagy v. Demers & Adams, LLC*, No. 2:11-cv-530, 2013 WL 434053, at *10 (S.D. Ohio Feb. 5, 2013); *Becker v. Montgomery, Lynch*, No. 1:02CV874, 2003 WL 23335929, at *2 (N.D. Ohio Feb. 26, 2003).

-14-

Case No. 1:13-CV-01452
Gwin, J.

themselves relied on the alleged misrepresentations.[98]  Plaintiffs say that they did rely on the

misrepresentations because they defended the state court foreclosure suit.[99]

Justifiable reliance requires that the plaintiff rely on a misrepresentation.  But Plaintiffs did

not rely on these alleged misrepresentation; they rejected them entirely.  They began defending the

foreclosure complaint on the grounds that they did not sign the note or mortgage; they filed a

counterclaim and a third-party complaint; and they brought this lawsuit.   The alleged

misrepresentations did not *mislead* them into doing anything.  Therefore, they have not relied on the

alleged misrepresentations.  The Court **DISMISSES WITH PREJUDICE** the fraud claim against

Reimer.

**E.      Civil Conspiracy Claim**

Reimer says that the civil conspiracy claim fails to state a claim upon which relief can be

granted because there is no underlying wrong.[100]  Because Plaintiffs state a claim upon which relief

can be granted under the FDCPA and OCSPA, as explained above, there is an underlying wrong to

support a civil conspiracy claim.[101]

**V. Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendant CitiMortgage's motion to dismiss.

The Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims under the FDCPA against

CitiMortgage for failure to state a claim and **DISMISSES WITHOUT PREJUDICE** the remaining

---

[98]/Doc. 22 at 15-16.  Reimer also says that the allegations fail to satisfy Federal Rule of Civil Procedure 9's heightened pleading requirements.  *Id.* at 14, 16-17.  Because the Court finds that the allegations as pleaded fail to state a claim upon which relief can be granted, the Court does not address this argument.
[99]/Doc. 45 at 14.
[100]/Doc. 22 at 18.
[101]/It is irrelevant that the Court dismisses the claims against CitiMortgage from this action.  *See Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.*, 476 F. Supp. 2d 809, 826 (S.D. Ohio 2007) ("[T]he fact that this court does not have jurisdiction over these defendants does not mean that they may not be proved to be separate co-conspirators for purposes of establishing the conspiracy claim.").

Case No. 1:13-CV-01452
Gwin, J.

claims against CitiMortgage and CitiMortgage's counterclaim for want of jurisdiction.  The Court

also **GRANTS IN PART** and **DENIES IN PART** Defendant Reimer's motion to dismiss.  The

Court **DISMISSES WITH PREJUDICE** Plaintiffs' fraud claim against Reimer for failure to state

a claim.

> IT IS SO ORDERED

Dated: November 8, 2013                          s/      *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE