UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

GLORIA RICHEY and PAUL RICHEY, : CASE NO. 1:13-CV-01452
:
    Plaintiffs, :
:
  v. : OPINION & ORDER
: [Resolving Doc. 73]
CITIMORTGAGE, INC., and REIMER :
ARNOVITZ, CHERNEK & JEFFREY :
CO., LPA, :
:
    Defendants. :
:

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Gloria Richey and Paul Richey say that Defendant CitiMortgage, Inc., ("CitiMortgage") brought a foreclosure suit against Plaintiffs based on a mortgage and note that both CitiMortgage knew were fraudulent and that CitiMortgage did not own.[1] CitiMortgage moves for summary judgment on Plaintiffs' claims and on its counterclaim for foreclosure.[2] For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant CitiMortgage's motion for summary judgment.

**I. Factual and Procedural Background**

On October 19, 1998, someone signed Gloria Richey's name to two mortgages on a property described as 503 Lida Street in Mansfield, Ohio, securing two loans.[3] The two loans totaled $32,800.[4]

---

[1] *See* Doc. 58.
[2] *See* Doc. 73.
[3] Doc. 74-3 at 9, 14. Gloria Richey was known as Gloria Walker before she married Paul Richey.
[4] *Id.* at 3, 12.

Case No. 1:13-CV-01452
Gwin, J.

On June 10, 1999, someone signed Gloria Richey's name to a mortgage on the 503 Lida Street property, securing a $40,877 loan.[5/] This loan satisfied the two outstanding mortgages.[6/]

On December 18, 1999, someone signed Gloria Richey's and Paul Richey's names to another mortgage on the 503 Lida Street property, securing a $22,000 loan.[7/] This loan did not satisfy the outstanding mortgage, and both mortgages remained on the property.

On April 29, 2000, someone signed Gloria Richey's and Paul Richey's names to a mortgage on the 503 Lida Street property, securing a $70,200 loan.[8/] This loan satisfied the two outstanding mortgages.[9/]

On April 6, 2002, someone signed Gloria Richey's name to an application to refinance the 2000 loan.[10/] On April 18, 2002, someone signed Gloria Richey's name to a settlement statement,[11/] a promissory note for $78,600,[12/] and a mortgage on the 503 Lida Street property.[13/] Someone also signed Paul Richey's name to the mortgage.[14/] This loan satisfied the outstanding mortgage.[15/] The mortgage was in favor of ABN AMRO Mortgage Group, Inc.[16/] CitiMortgage later merged with

---

[5/] *Id.* at 17.
[6/] *Id.* at 11, 16.
[7/] *Id.* at 24.
[8/] *Id.* at 37, 39, 40. Gloria Richey's and Paul Richey's initials appear on the bottom of each page of the mortgage.
[9/] *Id.* at 19, 25.
[10/] Doc. 74-1 at 12, 13.
[11/] *Id.* at 18.
[12/] Doc. 63-1 at 2.
[13/] Doc. 63-2 at 8. Gloria Richey's and Paul Richey's initials appear on the bottom of each page of the mortgage as well.
[14/] *Id.*
[15/] Doc. 74-3 at 47.
[16/] Doc. 63-2 at 1.

Case No. 1:13-CV-01452
Gwin, J.

ABN AMRO.[17]

Plaintiffs apparently received monthly statements and made monthly payments on all of the loans and mortgages until April 2012.[18] Plaintiffs defaulted on the loan, and, on September 17, 2012, CitiMortgage filed a foreclosure action in state court.[19] However, the parties agreed to dismiss the foreclosure action without prejudice.[20]

On July 2, 2013, Plaintiffs Gloria Richey and Paul Richey sued Defendants CitiMortgage and Reimer, Arnovitz, Chernek & Jeffrey, CitiMortgage's law firm in the foreclosure action.[21] Plaintiffs said that the mortgage CitiMortgage foreclosed on was fraudulent.[22] They also said that Defendants knew the mortgage was fraudulent and foreclosed anyway.[23] They brought claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Ohio Consumer Sales Protection Act ("OCSPA") and for common law fraud and civil conspiracy.[24]

CitiMortgage brought a counterclaim for foreclosure on the property.[25]

CitiMortgage also moved to dismiss the claims against it.[26] The Court granted that motion.[27] The Court held that because CitiMortgage's predecessor-in-interest was the purported lender, CitiMortgage was not a debt collector to trigger the FDCPA even if the mortgage was fraudulent.[28]

---

[17] Doc. 63-3.
[18] Doc. 19-1 at 17-18.
[19] Doc. 16-1.
[20] Doc. 16-2.
[21] Doc. 1.
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] Doc. 17.
[26] Doc. 16.
[27] Doc. 56.
[28] *Id.* at 10.

Case No. 1:13-CV-01452
Gwin, J.

However, the Court observed that if CitiMortgage did not own the mortgage, then the filing of a foreclosure action might be an action to collect on a debt owed to another.[29] That would make CitiMortgage a debt collector subject to liability under the FDCPA.[30] The Court declined to exercise supplemental jurisdiction over the remaining claims against CitiMortgage or CitiMortgage's counterclaim of foreclosure.[31]

Plaintiffs then filed an amended complaint that alleged Freddie Mac owned their mortgage, not CitiMortgage.[32] In addition to claiming that CitiMortgage violated the FDCPA and OCSPA by foreclosing on a mortgage it knew to be fraudulent, Plaintiffs also now claimed that CitiMortgage violated the FDCPA and OCSPA by foreclosing on the mortgage when it knew it did not have standing.[33] Plaintiffs also renewed their civil conspiracy and fraud claims.[34]

In its answer, CitiMortgage refiled its foreclosure counterclaim.[35]

CitiMortgage now moves for summary judgment on the claims against it and the foreclosure counterclaim.[36] Plaintiffs oppose the motion.[37]

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

---

[29] *Id.* at 11.
[30] *Id.*
[31] *Id.* The Court also dismissed Plaintiffs' fraud claim against Reimer. *Id.* at 14-15.
[32] Doc. 58. Plaintiffs have also requested permission to filed a second amended complaint that does not include claims against Reimer. Doc. 75. The Court granted the motion and ordered Plaintiffs to file the second amended complaint on receipt of the order. Doc. 77. Plaintiffs have not filed the second amended complaint.
[33] Doc. 58.
[34] *Id.*
[35] Doc. 63.
[36] Doc. 73.
[37] Doc. 81.

Case No. 1:13-CV-01452
Gwin, J.

as to any material fact and that the movant is entitled to judgment as a matter of law."[38] The moving party must demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[39] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[40] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[41] But the Court will view the facts and all reasonable inferences from those facts in favor of the non-moving party.[42]

### III. Discussion

**A.    FDCPA Claim**

In order to be subject to liability under the FDCPA, an entity must be a "debt collector."[43] Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or assessed to be owed or due *to another*."[44] A "creditor" is "any person who offers or extends credit creating a debt and to whom a debt is owed."[45] "[A] creditor is not a debt collector for purposes of the

---

[38] *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008).
[39] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[40] *See* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[41] *Matsushita*, 575 U.S. at 586.
[42] *Thomas v. Cohen*, 453 F.3d 657, 660 (6th Cir. 2004) (quoting *Nat'l Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997)).
[43] 15 U.S.C. §§ 1692e & 1692f.
[44] *Id.* § 1692a(6) (emphasis added).
[45] *Id.* § 1692a(4).

-5-

Case No. 1:13-CV-01452
Gwin, J.

FDCPA and creditors are not subject to the FDCPA when collecting their accounts."[46]

This Court has previously held that when a financial entity "attempt[s] to collect on a debt that was owed to it and *not owed to anyone else*, even if the debt was fraudulent, it is a creditor and not subject to liability under the FDCPA."[47] Only if an entity acquires the debt after it is in default is it a debt collector.[48]

Under Ohio law, the holder of a promissory note is a person who is entitled to enforce repayment of the note.[49] Ownership is not required.[50] CitiMortgage has provided testimony that it is the holder of the mortgage because it has possession of the note that is endorsed in blank.[51]

Plaintiffs provide some evidence that Freddie Mac is the true owner of the note and mortgage, but they do not provide any evidence concerning whether CitiMortgage is the holder of the note and mortgage or any evidence to show that CitiMortgage acquired possession of the instruments after the loan went into default. Therefore, they have not shown a triable issue as to whether CitiMortgage was attempting to collect on a debt owed to another.

There is no genuine dispute as to whether or not CitiMortgage is a debt collector, even if the mortgage is fraudulent. Accordingly, CitiMortgage is entitled to judgment as a matter of law on the FDCPA claim.

---

[46] *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (quoting *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003)).
[47] Doc. 56 at 10 (emphasis in original).
[48] 15 U.S.C. § 1692a(4).
[49] Ohio Rev. Code § 1303.31(A)(1).
[50] *Id.* § 1303.31(B); *see also U.S. Bank, Nat'l Ass'n v. Coffey*, No. E-12-010, 2012 WL 601472, at *4 (Ohio Ct. App. Feb. 24, 2012).
[51] Doc. 19-1 at 2 ¶ 7.

Case No. 1:13-CV-01452
Gwin, J.

**B.     OCSPA Claim**

Like the FDCPA, the OCSPA only subjects "suppliers" to liability when they are engaged in "consumer transactions."[52] "[T]he OCSPA specifically excludes 'financial institutions' and 'dealers in intangibles'" from the definition of "suppliers."[53] CitiMortgage is a financial institution.

Plaintiffs' sole argument on the OCSPA claim is that the Court has already ruled that a violation of the FDCPA is a violation of the OCSPA.[54]

There are two flaws in this argument. First, the Court has found that CitiMortgage is entitled to summary judgment on the FDCPA claim. And second, the portion of the Court's prior opinion to which Plaintiffs refer discusses the OCSPA's application to attorneys, not financial institutions.[55]

Accordingly, Plaintiffs have not shown a triable issue, and CitiMortgage is entitled to summary judgment on the OCSPA claim.

**C.     Fraud Claim**

In Ohio, to bring a fraud claim, a plaintiff must allege (1) a representation or fact or a concealment where there is a duty to disclose (2) that is material to the transaction (3) and made with knowledge of its falsity or made recklessly (4) with the intent to mislead another in relying on it; (5) justifiable reliance; and (6) an injury proximately caused by the reliance.[56]

Plaintiffs allege that CitiMortgage committed fraud (1) by attempting to foreclose on their

---

[52] Ohio Rev. Code § 1345.02.

[53] *Rini v. Javitch, Block & Rathbone, LLC*, No. 1:13CV178, 2013 WL 2476367, at *4 (N.D. Ohio June 7, 2013) (citing Ohio Rev. Code § 1345.01).

[54] Doc. 81 at 5.

[55] Doc. 56 at 14. The Court also stated that conduct that violates the FDCPA also violates the OCSPA. *Id.* at 8. However, the fact that the same conduct would be a violation of both statutes does not mean that the statute applies to the same people.

[56] *Moses v. Sterling Commerce Am., Inc.*, No. 02AP-161, 2002 WL 1938575, at *3 (Ohio Ct. App. Aug. 15, 2002) (citing *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998)).

Case No. 1:13-CV-01452
Gwin, J.

property knowing that the mortgage was fraudulent and (2) by saying that CitiMortgage was the creditor when it was not.[57] CitiMortgage is entitled to judgment as a matter of law under either theory of fraud.

First, even assuming the mortgage is fraudulent, Plaintiffs provide no evidence to show that CitiMortgage's predecessor-in-interest or CitiMortgage itself knew that the mortgage was fraudulent or recklessly disregarded that fact. Plaintiffs merely provide their own testimony that the mortgage was forged, but this is not enough to show that CitiMortgage had the required state of mind. Therefore, Plaintiffs have not created a genuine dispute as to whether CitiMortgage knew or recklessly disregarded the fact that the mortgage was fraudulent.

And second, Plaintiffs have provided no evidence to show that CitiMortgage did not have standing to foreclose on the mortgage. Recall, one need not own the mortgage to foreclose if one has possession of the note and mortgage. In the state court foreclosure action, CitiMortgage alleged that it was the note holder.[58] Plaintiffs' evidence that Freddie Mac owns the mortgage does not mean that CitiMortgage fraudulently claimed the right to foreclose on the property. So Plaintiffs have not provided evidence to create a triable issue about whether CitiMortgage misrepresented its standing to foreclose.

Therefore, CitiMortgage is entitled to summary judgment on the fraud claim.

**D.    Civil Conspiracy Claim**

In Ohio, to bring a civil conspiracy claim, a plaintiff must allege (1) a malicious combination (2) of two or more persons (3) causing injury to person or property and (4) the existence of an

---

[57] Doc. 58 at 9-11 ¶¶ 52-61.
[58] Doc. 16-1 at 2 ¶ 1.

-8-

Case No. 1:13-CV-01452
Gwin, J.

unlawful act which is independent from the conspiracy itself.[59/] "An underlying unlawful act is required before a civil conspiracy claim can succeed."[60/]

Because the Court has found that CitiMortgage is entitled to judgment as a matter of law on the other claims in Plaintiffs' complaint, there is no underlying wrongful act to serve as the basis for a civil conspiracy claim. Accordingly, CitiMortgage is entitled to judgment as a matter of law on the civil conspiracy claim as well.

### E. CitiMortgage's Foreclosure Counterclaim

CitiMortgage also moves for summary judgment on its counterclaim for foreclosure.[61/] The Court may only exercise jurisdiction over this counterclaim under supplemental jurisdiction.[62/] A genuine dispute exists concerning the legitimacy of the note and mortgage: Plaintiffs say they never signed the mortgage nor the note. Rather than hold a trial over this purely state-law issue better brought in state court, the Court declines to exercise supplemental jurisdiction over this counterclaim.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant CitiMortgage's motion for summary judgment. The Court **DISMISSES WITH PREJUDICE** Plaintiffs' claims against CitiMortgage and **DISMISSES WITHOUT PREJUDICE** CitiMortgage's counterclaim for want of jurisdiction.

---

[59/] *Lee v. Countrywide Home Loans, Inc.*, 692 F.3d 442, 446 (6th Cir. 2012) (quoting *Universal Coach, Inc. v. New York City Transit Auth.*, 629 N.E.2d 28, 33 (Ohio Ct. App. 1993)).

[60/] *Williams*, 700 N.E.2d at 868 (citing *Gosden v. Louis*, 687 N.E.2d 481, 496 (Ohio Ct. App. 1996)).

[61/] Doc. 63.

[62/] *See* 28 U.S.C. § 1367.

-9-

Case No. 1:13-CV-01452
Gwin, J.

Although the Reimer law firm is still listed as a defendant in the only amended complaint filed with the Court,[63] Plaintiffs have represented that they have settled their claims against Reimer.[64] Accordingly, the Court **DISMISSES** this action in its entirety.

IT IS SO ORDERED


Dated: February 13, 2014                     s/        *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[63]/Doc. 58. The Court granted Plaintiffs' motion to file a second amended complaint that did not include claims against Reimer and directed Plaintiffs to file the complaint on receipt of the order.  Doc. 77.  However, Plaintiffs have never actually filed the second amended complaint.

[64]/Doc. 75.